No. 693

First Circuit

---

USANNAZ v. BRUGIER

---

(June 30, 1930. Opinion and Decree.)
(October 8, 1930. Rehearing Refused.)

---

L. V. Cooley, Jr., of Slidell, attorney for plaintiff, appellant.

Lindsay W. McDougall, of Covington, attorney for defendant, appellee.

ELLIOTT, J. Louis Usannaz claims of Mrs. Josephine E. Brugier the value of a milk cow. Plaintiff operates a dairy near the town of Slidell, and after milking his cows, turned them out to graze. They got into the road which we understand was a public road, and defendant, driving, struck and injured one of them so badly that it had to be killed.

Plaintiff alleges that he lost his cow as a result of defendant's negligence, excessive, unlawful speed, after she had seen or should have seen his cows, etc.

Plaintiff values his cow, a 3/4 jersey about 6 years old, at $135.

Mrs. Brugier admits striking the cow, but denies all of his other allegations. She alleges that the collision was unavoidable. She claims in reconvention against plaintiff $67, the amount it cost to repair the damage which her automobile received in the collision. Plaintiff's demand was rejected in the lower court. Defendant's demand in reconvention was not acted on.

Plaintiff appealed and defendant has answered the appeal praying that her demand in reconvention be allowed, and as thus amended, that the judgment appealed from be affirmed.

The place where the cow was struck was open, with unobstructed view up and down, and, as we understand it, on each side of the road. There was a slight curve in the road and the collision occurred in the course of the curve, but the view ahead was open and unobstructed on each side of and beyond the curve.

Defendant could and did in fact see the herd of cows in the road ahead of her in ample time to reduce her speed and get her car under control. As the cows were dairy cows kept near a town and near a public road and allowed to graze in the open it is likely that they were gentle, accustomed to automobiles, unafraid of them, and therefore liable to get in front of them.

Defendant was acquainted with the situation and fully aware that it was necessary to go slow and drive carefully in order to avoid striking these cows.

Defendant testifies that when she saw the cows she did slow down to about 10 miles an hour, and that as she was passing through them, one suddenly jumped in front of her car so that the striking was unavoidable.

The district judge evidently accepted her declaration that the striking was unavoidable, but we are not so disposed. The uncontradicted facts and circumstances refute her claim that the striking was unavoidable. The cow was struck because she was driving through the herd several times as fast as she claims to have been going and without having her car under control.

When she applied the brakes, it was too late to avoid the result of her speed.

The evidence shows that the impact between the automobile and the cow was so severe that the injury done to the front part of her automobile, a strong and substantial make, amounted to $67. Defendant says the cow jumped in front of her, so we infer that the cow was standing up when struck. The cow was knocked down, and the momentum of the car was such, that, although skidding under its brakes, it got on top of the cow and with the brakes holding, dragged the cow along the ground underneath it, the plaintiff says, for 40 or 50 feet. Plaintiff's daughter estimated the distance at about 35 feet, another lady, apparently disinterested, at about 24 feet, before it stopped.

Plaintiff's estimate of the distance is the most reliable, because he was more familiar with distances than his daughter and the other lady witness.

The damage done to defendant's car by the impact, and the distance the car skidded forward under its brakes after striking, dragging the cow on the ground underneath it, show that defendant was driving negligently and at an excessive speed at the moment of the impact, instead of, as she should have been doing upon coming near to and while going through this herd of cows.

The evidence satisfies us that defendant at first accepted responsibility and voluntarily stated that she would pay plaintiff the value of the cow. We are satisfied that the cow was killed as a result of the negligence and fault of the defendant.

Defendant is therefore responsible for the damage done. The cow was worth the amount claimed.

As for defendant's demand in reconvention, it resulted from her own fault.

For these reasons the judgment appealed from is annulled, avoided and set aside, and it is now decreed that there be judgment in favor of the plaintiff, Louis Usannaz, and against defendant, Mrs. Josephine E. Brugier, wife of O. R. Brugier, in the sum of $135, with legal interest thereon from June 6, 1929, until paid.

Defendant's demand in reconvention is rejected.

Defendant and appellee to pay the costs in both courts.